Judge Owsley
delivered the opinion of the court.
To obtain execution on a judgment rendered by the court held for the district composed of the counties of Bourbon, &c at the June term, 1801, against John and Amos Edwards, Coleman caused a scire facias to issue from the office of the clerk of the Bourbon circuit court in 1817, against both the Edwardses.
Upon the return of the scire facias, they appeared and moved the court to quash the scire facias, on the ground of its having improvidently issued without a motion or rule having been made or obtained in behalf of Coleman, before the emanation of the writ.
The motion was, however, overruled; and John Edwards pleaded in bar of the action, a certificate of his having been duly and according to the provisions of an act of Congress, made and provided for that purpose, declared a bankrupt;—And the bankruptcy of John was also pleaded and relied on by John and Amos as a bar to the action against both: they also pleaded and relied, as a bar to the action, the lapse of time since the rendition of the judgment, by the district court, and the emanation of the scire facias.
To the plea of bankruptcy, as a bar for both, of the defendants in the circuit court, as well as the plea of limitations, Coleman demurred, and the demurrer being sustained, judgment was rendered against the defendant, Amos.
From that judgment he has appealed. The assignment of errors questions the decision of the court, as well in refusing to quash the scire facias, as in sustaining the demurrer to the pleas.
We entertain no doubt as to the correctness of the decision in refusing to quash the writ. It will be considered, that after the lapse of time which appears to have intervened between the rendition of the judgment by the district court, and the emanation of the scire facias, application to the court for permission to sue out the writ would be required under the rules of practice prevailing in the English courts. But the necessity of such an application arose not from any statutory provision, but must have originated under the rules of those courts adopted and established in the exercise of power with which they consider *250 themselves invested, to regulate their own rules of practice. That it was merely a rule of court that required permission to sue out the writ, is plainly inferrable from the circumstance of the statute of England authorising a revival of judgments in personal actions by scire facias containing no such requisition.
The discharge of a bankrupt doth not discharge a joint obligor.
As a rule of court, therefore, we apprehend it ought not, and cannot, be imperative upon the courts of this country; and consequently the court properly refused to quash the writ, on account of no permission having been obtained from the court to sue it out.
With respect to the plea of John Edwards’s bankruptcy, as a bar for both the defendants, there is no difficulty.
The act of Congress, under which he was declared a bankrupt, expressly negatives the idea of the bankruptcy of one discharging any other who may be jointly bound.
And as to the limitation relied on in the defendant’s last plea, there is as little room for doubt. There is no statute of this country limiting the time of suing out a scire facias; but it is contended that the plea should have been sustained under an act of the colony of Virginia, passed prior to the revolution, and which it is supposed remains in force in this country. There appears, from Henning’s collection of statutes, to have been enacted by the colony of Virginia, several statutes limiting the time of prosecuting suits upon bonds and judgments; the latter of these statutes, and which purports to have repealed all former ones, appears to have been enacted in 1705, and which, if now in force, would certainly require the scire facias to issue within seven years from the rendition of the judgment. That statute appears, however, to have been repealed by proclamation in 1753; but as at the time of that proclamation the repeal of a statute which had repealed a prior statute, would revive the statute first repealed, unless the proclamation extended to the repeal of all statutes previously limiting the time of suing upon judgments, the scire facias in this case could not be sustained.
We have had no opportunity, by inspecting the record, of ascertaining the extent of its provisions, but from the circumstance of those colonial statutes never having been published in any of the collections or revisions of the laws of Virginia, until the late collection of Henning, we entertain no doubt, but that they were all repealed prior to the revolution.
Talbot for appellant, Wickliffe for appellee.
The judgment of the circuit court must be affirmed with cost and damages.